PIONEER CHEMICAL COMPANY, A NEBRASKA CORPORATION, APPELLANT, V. CITY OF NORTH PLATTE, A MUNICIPAL CORPORATION OF THE STATE OF NEBRASKA, AND UNION PACIFIC RAILROAD COMPANY, APPELLEES.

685 N.W.2d 505

Filed August 17, 2004.   No. A-02-854.

George G. Vinton for appellant.

Douglas L. Stack for appellee City of North Platte.

Stephen W. Kay, of Kay & Kay, for appellee Union Pacific Railroad Company.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Pioneer Chemical Company (Pioneer) appeals from the district court's order overruling Pioneer's motion for summary judgment against Union Pacific Railroad Company (UPRR) and granting UPRR's motion for summary judgment against Pioneer. Pioneer brought this action in the district court to appeal an award by court-appointed appraisers in an action condemning property interests associated with the construction of a viaduct in North Platte. Because this action involved multiple parties and the court's order adjudicated fewer than all of the claims or the rights and liabilities of fewer than all of the parties, and because the court did not make an express determination that there was no just reason for delay and direct the entry of a final judgment pursuant to Neb. Rev. Stat. § 25-1315(1) (Cum. Supp. 2002), we are without jurisdiction over the instant appeal. Accordingly, the appeal is dismissed.

## II. BACKGROUND

This action concerns Pioneer's appeal in the district court from an award of court-appointed appraisers which granted Pioneer damages resulting from the City of North Platte's condemnation of property interests for a viaduct construction project.

On December 4, 2000, Pioneer filed a notice of appeal in the county court indicating its desire to appeal the appraisers' award to the district court. On February 13, 2001, Pioneer filed an amended petition on appeal in the district court, naming the City of North Platte as the defendant. Pioneer alleged that the appraisers appointed by the court had awarded Pioneer $18,750 in damages, that the award was inadequate, and that Pioneer would suffer damages as a result of the condemnation and construction project. Pioneer indicated that its property interest in the property at issue was a leasehold interest arising from a written lease wherein Pioneer was leasing the land from UPRR. Pioneer further alleged that it had a building on the property and that the condemnation and construction project would impede access to the property and building and result in Pioneer's no longer being able to use the property for Pioneer's present purposes. Pioneer attached a copy of the lease with UPRR to the amended petition. The lease contains a provision specifically addressing the respective rights of Pioneer and UPRR concerning compensation awarded for condemnation proceedings.

On March 26, 2001, the court entered an order directing Pioneer to file a second amended petition naming UPRR as a defendant. The court found that the lease provision concerning compensation for condemnation proceedings suggested that UPRR was an indispensable party to the present action. On May 21, Pioneer filed a second amended petition naming both the City of North Platte and UPRR as defendants and alleging substantially the same allegations as the amended petition.

On June 11, 2001, the City of North Platte filed an answer to the second amended petition. On June 18, UPRR filed an answer to the second amended petition. On March 1, 2002, UPRR filed an amended answer and counterclaim.

On May 9, 2002, UPRR filed a motion for summary judgment against Pioneer. On June 10, the City of North Platte filed

a motion for judgment on the pleadings. On June 12, Pioneer filed a motion for summary judgment against UPRR.

On June 23, 2002, the court entered an order on various motions, including the motions for summary judgment and for judgment on the pleadings. The court granted UPRR's motion for summary judgment and denied both Pioneer's motion for summary judgment and the City of North Platte's motion for judgment on the pleadings. The court also made specific findings concerning who was entitled to an award of damages at trial and restricting what damages Pioneer could claim at trial.

Pioneer filed this appeal. On October 4, 2002, this court dismissed Pioneer's appeal for lack of jurisdiction, referencing § 25-1315. On October 15, Pioneer filed a motion for rehearing. On November 22, this court sustained Pioneer's motion for rehearing, specifically indicating that the issue of jurisdiction would be reconsidered upon briefing and argument of the parties.

### III. ANALYSIS

Although Pioneer has assigned various errors concerning the district court's order of June 23, 2002, we must first address the issue of jurisdiction. It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003); *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000); *Washington Cty. Bd. of Equal. v. Rushmore Borglum*, 11 Neb. App. 377, 650 N.W.2d 504 (2002). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Mumin v. Dees*, 266 Neb. 201, 663 N.W.2d 125 (2003); *Bailey v. Lund-Ross Constructors Co., supra; In re Interest of Anthony R. et al.*, 264 Neb. 699, 651 N.W.2d 231 (2002); *Larsen v. D B Feedyards*, 264 Neb. 483, 648 N.W.2d 306 (2002); *Michael B. v. Donna M.*, 11 Neb. App. 346, 652 N.W.2d 618 (2002).

The jurisdictional issue presented in this case is whether § 25-1315 prohibits an immediate appeal of an order which adjudicates fewer than all of the claims, or the rights and liabilities of

fewer than all of the parties, where the order affects a substantial right in a special proceeding. Pioneer argues that § 25-1315 is not applicable to special proceedings, such as condemnation actions, and that appeals in such proceedings, irrespective of whether they involve multiple claims or multiple parties, are governed only by Neb. Rev. Stat. § 25-1902 (Reissue 1995). We disagree.

Section 25-1315(1) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Section 25-1902 provides, in part:

> An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, [or] an order affecting a substantial right made in a special proceeding . . . is a final order which may be vacated, modified or reversed [on appeal].

Pioneer relies heavily on the Nebraska Supreme Court's decision in *SID No. 1 v. Nebraska Pub. Power Dist.*, 253 Neb. 917, 573 N.W.2d 460 (1998) (*SID No. 1*), in support of its contention that § 25-1315 is not applicable in condemnation proceedings. Specifically, Pioneer's argument is that the Nebraska Supreme Court analyzed § 25-1902 to determine whether jurisdiction existed and concluded that jurisdiction did exist because the order being appealed from affected a substantial right in a special proceeding. Pioneer argues that even though the order being appealed from in *SID No. 1* did not resolve all of the issues

presented, the Nebraska Supreme Court held it to be a final order because it affected a substantial right in a special proceeding.

We conclude that Pioneer has misconstrued the Nebraska Supreme Court's holding in *SID No. 1*. First, we note that the pertinent language of § 25-1315, originally codified as Neb. Rev. Stat. § 25-705(6) (Cum. Supp. 1998), was not effective until July 15, 1998, approximately 5 months after the Nebraska Supreme Court's decision was released in *SID No. 1*. See *Bargmann v. State*, 257 Neb. 766, 600 N.W.2d 797 (1999). That being so, the Nebraska Supreme Court analyzed jurisdiction in *SID No. 1* under only § 25-1902 primarily because, at the time, § 25-1902 was the only statute implicated. This factor alone necessitates a conclusion that the Nebraska Supreme Court's holding in *SID No. 1* cannot be interpreted in any way to suggest that § 25-1315 does not apply in special proceedings; the very fact that § 25-1315, or its predecessor, § 25-705(6), did not even exist at the time precludes the *SID No. 1* opinion from any holding involving those statutes.

Further, we note that in *SID No. 1*, it appears that there were neither multiple claims nor multiple parties. Rather, the issues in *SID No. 1* all appear to have concerned a single claim for relief, a single plaintiff, and a single defendant. Although the plaintiff in *SID No. 1* listed several "causes of action" in its petition on appeal to the district court, it appears that these were actually multiple theories of recovery; the Nebraska Supreme Court indicated that the plaintiff "asserted several defenses" to the condemnation proceedings and listed them as " 'causes of action.' " *SID No. 1*, 253 Neb. at 919-20, 573 N.W.2d at 464. Thus, if § 25-1315 had been effective at the time of *SID No. 1*, it is likely that the Nebraska Supreme Court would have found that § 25-1315 was not implicated in the case, because there were not multiple claims or multiple parties.

Section 25-1315 allows an appeal only where multiple causes of action are presented or multiple parties are involved and the trial court expressly directs the entry of a final judgment as to one cause of action or party and expressly determines that there is no just reason for delay of an immediate appeal. See, *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003); *Keef v. State*, 262 Neb. 622, 634 N.W.2d 751 (2001). See,

also, *Waite v. City of Omaha*, 263 Neb. 589, 641 N.W.2d 351 (2002); *Scottsdale Ins. Co. v. City of Lincoln*, 260 Neb. 372, 617 N.W.2d 806 (2000); *Chief Indus. v. Great Northern Ins. Co.*, 259 Neb. 771, 612 N.W.2d 225 (2000); *Parker v. Parker*, 10 Neb. App. 658, 636 N.W.2d 385 (2001). A "claim for relief" under § 25-1315 is not synonymous with an "issue" or a "theory of recovery," as Pioneer's argument concerning *SID No. 1* in this appeal would suggest, but, rather, is equivalent to a separate "cause of action." See, *Bailey v. Lund-Ross Constructors Co., supra; Keef v. State, supra*.

Similarly, the Nebraska Supreme Court's recent decision in *State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004), appears to be another case where § 25-1315 was not implicated because the trial proceeding involved multiple "theories" or "issues" but not multiple "causes of action." In *Harris*, the Nebraska Supreme Court noted that the appellant had raised the possible jurisdictional question of whether an order granting an evidentiary hearing on *some issues* and denying a hearing on others is a final order in the light of § 25-1315. In finding that jurisdiction existed, the Nebraska Supreme Court specifically noted that § 25-1315 requires an express determination by the trial court that no just reason exists for delay and an express direction for the entry of judgment in order to create a final order for appeal "when less than all claims have been decided." 267 Neb. at 777, 677 N.W.2d at 153. In finding that the adoption of § 25-1315 did not change the resolution of the jurisdictional issue in postconviction proceedings where multiple "issues" are involved, the Nebraska Supreme Court cited to *Keef v. State, supra*, in which the Nebraska Supreme Court specifically held that "claim for relief" under § 25-1315 is not synonymous with "theory of recovery" and, by implication, is not synonymous with "issue." As such, it appears that in *Harris*, as in *SID No. 1*, there were not multiple "claims for relief" as required to implicate § 25-1315, but, rather, multiple "issues" or "theories of recovery."

We also note that the present case does involve multiple parties. Pursuant to the district court's order of March 26, 2001, Pioneer filed a second amended petition naming multiple defendants, namely both the City of North Platte and UPRR.

Although Pioneer argues on appeal that UPRR should not have been a party to these proceedings, resolution of that issue is not properly before us unless we first have jurisdiction over the appeal. As the case is presented, there are multiple parties. See *Bailey v. Lund-Ross Constructors Co., supra* (petition named multiple defendants; thus, multiple parties were involved).

The Nebraska Supreme Court recently discussed the interaction of § 25-1315 and § 25-1902 in *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003). The issue in *Bailey* was actually, in some ways, the opposite of the issue in the present case; in *Bailey*, the issue was whether an order in a special proceeding that did not affect a substantial right could, nonetheless, be considered a final and appealable order under § 25-1315 if the district court made the requisite specific findings set forth in § 25-1315. The Nebraska Supreme Court in *Bailey* concluded that despite the district court's compliance with the "'express determination'" requirement of § 25-1315, 265 Neb. at 544, 657 N.W.2d at 921-22, the order entered was still not a "final, appealable order" because "'it d[id] not determine the action and prevent a judgment,'" *id.* at 548, 657 N.W.2d at 924. The clear implication of the ruling is that in cases where there are multiple claims or multiple parties, *both* § 25-1315 and § 25-1902 must be satisfied.

The Nebraska Supreme Court noted that § 25-1315's federal counterpart, Fed. R. Civ. P. 54(b), permits a court to enter a judgment as to fewer than all parties or claims and allow such judgment to be immediately appealable even though the action may continue as to the other parties and claims to facilitate the entry of a final judgment where the parties demonstrate a need for making review available on some of the claims or parties before entry of a final judgment as to all. See *Bailey v. Lund-Ross Constructors Co., supra*. See, also, *Soliday v. Miami County, Ohio*, 55 F.3d 1158 (6th Cir. 1995). The Nebraska Supreme Court specifically noted, however, that in federal cases involving multiple parties or multiple claims, there must *also* be a final order. See *Bailey v. Lund-Ross Constructors Co., supra*. Similarly, the Nebraska Supreme Court in *Bailey* specifically held that in Nebraska, when a claim involves multiple parties or claims, the trial court must *both* enter a final order (pursuant to

§ 25-1902) *and* comply with the requirements of § 25-1315 in order for the appellate court to acquire jurisdiction.

In *Bailey*, the Nebraska Supreme Court ultimately concluded that there was no jurisdiction to hear the appeal because, although the district court had complied with § 25-1315 and although the district court's order had been entered in a special proceeding, the order did not determine the action and prevent a judgment and was therefore also not a final appealable order under § 25-1902. As such, because both § 25-1315 and § 25-1902 had not been satisfied, there was no jurisdiction.

Similarly, in the present case, there is no jurisdiction for this court to hear the appeal because, although Pioneer may be correct in asserting that the district court's order affects a substantial right in a special proceeding and would constitute a final order pursuant to § 25-1902, the district court did not make an express determination that there was no just reason for delay and an express direction for the entry of judgment, as are required to make the order appealable pursuant to § 25-1315 where the order adjudicated fewer than all of the claims or the rights and liabilities of fewer than all of the parties. As such, because both § 25-1315 and § 25-1902 were not satisfied, there is no jurisdiction.

## IV. CONCLUSION

The court is without jurisdiction over the instant appeal because the order granting UPRR's motion for summary judgment and denying Pioneer's motion for summary judgment and the City of North Platte's motion for judgment on the pleadings does not include an express determination that there was no just reason for delay and an express direction for the entry of judgment, as are required by § 25-1315. Therefore, the appeal is dismissed.

APPEAL DISMISSED.