Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/18/2022 09:06 AM CST

Asia R. Mann, now known as
Asia R. Harrison, appellee, v.
Brian L. Mann, appellant.
___ N.W.2d ___

Filed August 26, 2022.    No. S-19-1194.

1.  **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2.  **Final Orders: Appeal and Error.** A trial court's decision to certify a final judgment pursuant to Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) is reviewed for an abuse of discretion, but whether § 25-1315 is implicated in a case is a question of law which an appellate court considers de novo.

3.  **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

4.  **Statutes: Appeal and Error.** The right of appeal in Nebraska is purely statutory, and unless a statute provides for an appeal, such right does not exist.

5.  **Legislature: Final Orders: Appeal and Error.** The Legislature has authorized appeals from judgments and decrees, as well as final orders, made by the district court.

6.  **Final Orders: Appeal and Error.** In cases that present multiple claims for relief or involve multiple parties, Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) permits a trial court to certify an otherwise interlocutory order as a final, appealable judgment under the limited circumstances set forth in the statute.

7.  ____: ____. When a court properly directs the entry of a final judgment under Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) as to certain claims or parties, the order is treated as a judgment from which an aggrieved party can appeal.

8. **Claims: Parties.** Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) is implicated only when a case presents more than one claim for relief or involves multiple parties, and the court enters an order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.

9. **Actions: Words and Phrases.** For purposes of determining whether a case presents more than one "claim for relief" under Neb. Rev. Stat. § 25-1315(1) (Reissue 2016), the term is not synonymous with "issue" or "theory of recovery," but is instead the equivalent of a "cause of action."

10. **Claims: Parties: Judgments: Appeal and Error.** When a case involves multiple claims for relief or multiple parties, and the court has entered an order adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties, then, absent a specific statute governing the appeal providing otherwise, Neb. Rev. Stat. § 25-1315 (Reissue 2016) controls and mandates that the order is not immediately appealable unless the trial court issues an express direction for the entry of judgment upon an express determination that there is no just reason for delay.

11. **Claims: Parties: Judgments.** Absent the entry of a final judgment under Neb. Rev. Stat. § 25-1315(1) (Reissue 2016), orders adjudicating fewer than all claims against all parties are not final and are subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

12. **Final Orders: Words and Phrases.** The term "final judgment" as used in Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) is the functional equivalent of a "final order" within the meaning of Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020).

13. **Final Orders: Appeal and Error.** To be appealable, an order must satisfy the final order requirements of Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020) and, where implicated, Neb. Rev. Stat. § 25-1315(1) (Reissue 2016).

14. **Claims: Parties: Final Orders: Appeal and Error.** In cases where Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) is implicated, and no more specific statute governs the appeal, an order resolving fewer than all claims against all parties is not final and appealable if it lacks proper § 25-1315 certification. This is so even if the order otherwise satisfies one of the final order categories in Neb. Rev. Stat. § 25-1902(1) (Cum. Supp. 2020).

15. **Actions: Final Orders.** Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) can be implicated in civil actions, in special proceedings, and in civil actions joined with special proceedings.

Petition for further review from the Court of Appeals, Moore, Bishop, and Welch, Judges, on appeal thereto from the District Court for Douglas County, J Russell Derr, Judge. Judgment of Court of Appeals vacated and remanded with directions.

Aaron F. Smeall and Jacob A. Acers, of Smith, Slusky, Pohren & Rogers, L.L.P., for appellant.

Kathryn D. Putnam, of Astley Putnam, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

This is an interlocutory appeal from an order of partial summary judgment entered in a proceeding brought to modify custody and child support. The Nebraska Court of Appeals concluded the summary judgment order was immediately appealable as a final order in a special proceeding under Neb. Rev. Stat. § 25-1902(1)(b) (Cum. Supp. 2020) and affirmed. On further review, we conclude that Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) was also implicated because the case involved multiple claims for relief and the partial summary judgment order resolved fewer than all such claims. Because § 25-1315(1) is implicated but has not been satisfied, we must vacate the decision of the Court of Appeals and remand the cause with directions to dismiss the appeal for lack of jurisdiction.

BACKGROUND

In 2009, Asia R. Mann, now known as Asia R. Harrison (Harrison), gave birth out of wedlock to a daughter, Maleah D. In 2010, a California court established paternity and entered a judgment which granted Harrison sole legal and physical custody of Maleah and granted visitation rights to Maleah's biological father.

Marriage and Divorce

In 2011, Harrison married Brian L. Mann. Their marriage produced two children. In 2016, Harrison filed a complaint for dissolution in the district court for Douglas County, Nebraska. While the dissolution was pending, Maleah's biological father registered the California paternity judgment in the same court. However, no party brought the registered paternity judgment to the attention of the dissolution court before the decree was entered, nor was the court informed that Maleah was the subject of a California custody judgment.

In July 2018, the district court entered a stipulated decree dissolving the parties' marriage. The decree provided for joint legal and physical custody of the parties' two children. Additionally, the decree recited that Mann stood in loco parentis to Maleah and ordered the parties to share joint physical custody of Maleah, with Harrison having sole legal custody. The decree also approved the parties' stipulated parenting plan and ordered Mann to pay child support for all three children. Neither party appealed the 2018 decree.

Complaint to Modify Joined With
Declaratory Judgment Action

In July 2019, Mann filed a complaint to modify his child support obligation and certain provisions of the parenting plan. Harrison's answer generally denied that Mann was entitled to modification. Harrison's answer also alleged two counterclaims. Her first counterclaim was framed as an action under the Uniform Declaratory Judgments Act,[1] and it attacked the validity of provisions in the 2018 decree relating to Maleah's custody and care.[2] Harrison alleged, summarized, that when the decree was entered, the 2010 California judgment of paternity

---

[1] Neb. Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 2016).

[2] See Neb. Rev. Stat. § 42-346 (Reissue 2016) (providing that divorce decrees are "conclusively presumed . . . valid in all respects, notwithstanding some defect . . . unless an action is brought within two years from the entry of such decree of divorce attacking the validity thereof").

and custody was still in full force and effect, and that California had not relinquished its exclusive and continuing jurisdiction over Maleah under the Uniform Child Custody Jurisdiction and Enforcement Act.[3] She therefore alleged the Nebraska court did not have subject matter jurisdiction over Maleah when the dissolution decree was entered, and she sought a declaration that "any orders for [Maleah's] custody and care should be declared void as a matter of law." Harrison's second counterclaim sought to modify custody of the other two children to give her sole legal and physical custody.

### Partial Summary Judgment Granting Declaratory Relief

Both parties moved for partial summary judgment on Harrison's counterclaim for declaratory judgment. After an evidentiary hearing, the district court entered an order which granted Harrison's summary judgment motion and vacated that "portion of the Decree that provides for 'in loco parentis' rights to [Mann] with regard to Maleah." The order did not expressly overrule Mann's summary judgment motion or address his support obligations regarding Maleah.

Mann filed a motion to clarify and to set a supersedeas bond. In an order entered December 20, 2019, the district court clarified its prior order by granting Harrison's motion for summary judgment, denying Mann's motion for summary judgment, voiding every provision in the 2018 decree and parenting plan pertaining to Maleah, and eliminating all of Mann's support obligations regarding Maleah. The December order also denied Mann's request for a supersedeas bond.

Mann filed a notice of appeal from the partial summary judgment order, assigning error to the district court's conclusion that it lacked subject matter jurisdiction over Maleah under the Uniform Child Custody Jurisdiction and Enforcement Act when the decree was entered. It is undisputed that when the

---

[3] Neb. Rev. Stat. §§ 43-1226 to 43-1266 (Reissue 2016 & Cum. Supp. 2020).

notice of appeal was filed, the parties' competing complaints to modify custody and support remained pending and unresolved in the district court. Likewise, it is undisputed that Mann did not ask the court to enter final judgment on the declaratory judgment claim under § 25-1315(1), and no such certification was issued sua sponte.

## Court of Appeals

The Court of Appeals affirmed.[4] It first addressed appellate jurisdiction, rejecting Harrison's argument that the partial summary judgment order was not immediately appealable under any of the final order categories enumerated in § 25-1902. Instead, the Court of Appeals reasoned that custody modifications are considered special proceedings,[5] so the order granting partial summary judgment was an order "affecting a substantial right made during a special proceeding" under § 25-1902(1)(b). The opinion did not discuss or distinguish our cases reciting the rule that partial summary judgment orders are interlocutory in nature and will not be considered final

---

[4] *Mann v. Mann*, 29 Neb. App. 548, 956 N.W.2d 318 (2021).

[5] See, *Yori v. Helms*, 307 Neb. 375, 390, 949 N.W.2d 325, 337 (2020) ("[p]roceedings regarding modification of a marital dissolution are special proceedings"); *Huskey v. Huskey*, 289 Neb. 439, 449, 855 N.W.2d 377, 385 (2014) ("an order modifying custody arises from a special proceeding"); *Fitzgerald v. Fitzgerald*, 286 Neb. 96, 105, 835 N.W.2d 44, 51 (2013) ("modification of child custody and support in a dissolution action is . . . a special proceeding"); *Steven S. v. Mary S.*, 277 Neb. 124, 129, 760 N.W.2d 28, 33 (2009) ("proceedings regarding modification of a marital dissolution . . . are special proceedings"); *State ex rel. Reitz v. Ringer*, 244 Neb. 976, 980, 510 N.W.2d 294, 299 (1994), *overruled on other grounds, Cross v. Perreten*, 257 Neb. 776, 600 N.W.2d 780 (1999) ("custody determinations, which are controlled by § 42-364, are considered special proceedings"). But see *Carmicheal v. Rollins*, 280 Neb. 59, 72, 783 N.W.2d 763, 772 (2010) (Connolly, J., concurring) (acknowledging prior holdings treating custody modifications as special proceedings but noting they are arguably "more properly" treated as order affecting substantial right made on summary application in action after judgment is rendered).

until all issues in the case are determined.[6] And although the Court of Appeals noted that the modification case presented other claims for relief that had not yet been resolved,[7] its jurisdictional analysis did not address whether § 25-1315(1) was implicated.

After concluding it had appellate jurisdiction, the Court of Appeals framed the question on appeal as whether the district court had the authority to vacate or modify portions of the 2018 decree upon learning that it "should not have exercised jurisdiction on issues related to Maleah's custody due to the California court's continuing jurisdiction."[8] It answered that question in the affirmative, finding the necessary authority in Neb. Rev. Stat. § 25-2001(4) (Reissue 2016), which governs a district court's power to vacate or modify judgments after term. The Court of Appeals therefore affirmed the district court's order granting partial summary judgment in favor of Harrison.

We granted Mann's petition for further review and ordered supplemental briefing. Among other questions, we asked the parties to brief whether, to be immediately appealable, an order of partial summary judgment which adjudicates fewer than all claims for relief presented in a custody modification case must satisfy both § 25-1902 and § 25-1315. The parties submitted supplemental briefs addressing this question, which we summarize later in our jurisdictional analysis.

ASSIGNMENTS OF ERROR

On further review, Brian assigns three errors, which can be consolidated and restated into one. He asserts the Court of Appeals erred in concluding the district court had authority,

---

[6] See, e.g., *O'Connor v. Kearny Junction*, 295 Neb. 981, 987, 893 N.W.2d 684, 690 (2017) ("[p]artial summary judgments are usually considered interlocutory. They must ordinarily dispose of the whole merits of the case to be considered final . . .").

[7] See *Mann, supra* note 4.

[8] *Id.* at 559, 956 N.W.2d at 327.

under § 25-2001(4), to vacate the 2018 decree provisions relating to Maleah.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[9]

[2] A trial court's decision to certify a final judgment pursuant to § 25-1315(1) is reviewed for an abuse of discretion,[10] but whether § 25-1315 is implicated in a case is a question of law which an appellate court considers de novo.

## ANALYSIS

### APPELLATE JURISDICTION

[3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[11]

[4,5] The right of appeal in Nebraska is purely statutory, and unless a statute provides for an appeal, such right does not exist.[12] The Legislature has authorized appeals from judgments and decrees, as well as final orders, made by the district court.[13] A judgment is defined in Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2020) to mean "the final determination of the rights of the parties in an action."[14] Final orders are defined in § 25-1902, which currently recognizes four categories of final

---

[9] *Clason v. LOL Investments*, 308 Neb. 904, 957 N.W.2d 877 (2021).

[10] *Castellar Partners v. AMP Limited*, 291 Neb. 163, 864 N.W.2d 391 (2015).

[11] See *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016).

[12] *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

[13] See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2020).

[14] See, also, *Becher v. Becher*, 311 Neb. 1, 27, 970 N.W.2d 472, 492 (2022) ("[a] 'judgment' is a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist").

orders; some categories pertain to actions,[15] and one pertains to special proceedings.[16]

[6,7] Additionally, in cases that present multiple claims for relief or involve multiple parties, § 25-1315(1) permits a trial court to certify an otherwise interlocutory order as a final, appealable judgment under the limited circumstances set forth in the statute.[17] Subsection (1) of that statute provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

When a court properly directs the entry of a final judgment under § 25-1315(1) as to certain claims or parties, the order is treated as a judgment from which an aggrieved party can appeal.[18]

Here, the Court of Appeals concluded it had appellate jurisdiction, reasoning the order granting partial summary judgment

---

[15] See § 25-1902(1)(a) and (c).

[16] See § 25-1902(1)(b).

[17] *Castellar Partners, supra* note 10.

[18] See *Cerny v. Todco Barricade Co.*, 273 Neb. 800, 733 N.W.2d 877 (2007). See, also, § 25-1912(1) (providing procedure for appeals from district court); Neb. Rev. Stat. § 25-2729(1) (Cum. Supp. 2020) (providing appeal procedure from county court).

was an order affecting a substantial right made in a special proceeding and thus was a final order under § 25-1902(1)(b). Neither party challenges this conclusion on further review, and we express no opinion on the Court of Appeals' final order analysis or the circumstances, if any, under which a summary judgment order granting declaratory relief can satisfy the final order requirements of § 25-1902(1)(b). Instead, we focus on a different jurisdictional question: Is this a case where § 25-1315(1) is implicated?

The parties addressed this question in their supplemental briefing. Mann argues, summarized, that our appellate jurisdiction turns exclusively on the final order requirements in § 25-1902(1)(b). He reasons that "[w]here an order already meets the clear statutory definition of a final order under [§ 25-1902], a separate order by the trial court designating that same order as final under [§ 25-1315] would be superfluous for the purposes of determining appellate jurisdiction."[19] And he contends this case presents a final order under § 25-1902(1)(b) because the summary judgment order was entered in a special proceeding and affected his substantial rights.

Harrison argues that even if the summary judgment order was entered in a special proceeding, both § 25-1315(1) and § 25-1902 must be satisfied in this case to confer appellate jurisdiction. Harrison argues that § 25-1315(1) is implicated here because the case presents multiple claims for relief and the summary judgment order resolved only the counterclaim for declaratory judgment. She also argues, "There is no indication that the [L]egislature intended to [exempt] custody modification proceedings, or any other type of special proceedings from [the] requirements"[20] of § 25-1315.

To address the parties' competing jurisdictional arguments, we begin by reviewing § 25-1315(1) and the pertinent cases construing it.

[19] Supplemental brief for appellant at 8.

[20] Supplemental brief for appellee at 9.

## § 25-1315(1)

Under Nebraska's liberal joinder rules, a case can involve multiple plaintiffs, multiple defendants, and multiple claims for relief, including counterclaims, cross-claims, and third-party claims.[21] Appellate jurisdiction is relatively straightforward when a judgment or decree resolves all claims presented as to all parties. But before § 25-1315 was enacted, the rules governing interlocutory appeals in civil cases involving multiple claims or multiple parties generally provided:

> [A]n order that effected a dismissal with respect to one of multiple parties was a final, appealable order, and the complete dismissal with prejudice of one of multiple causes of action was a final, appealable order, but an order dismissing one of multiple theories of recovery, all of which arose from the same set of operative facts, was not a final order for appellate purposes.[22]

Uncertainty in applying these rules in multiclaim, multiparty cases prompted some parties to file premature appeals, and others to miss appeal deadlines altogether.[23]

To clarify and simplify appellate jurisdiction in cases involving multiple claims and multiple parties,[24] the Legislature enacted what is now codified as § 25-1315.[25] In enacting § 25-1315, the Legislature attempted to strike a balance

---

[21] See, e.g., Neb. Rev. Stat. §§ 25-311, 25-320, 25-701, and 25-705 (Reissue 2016).

[22] *TDP Phase One v. The Club at the Yard*, 307 Neb. 795, 801, 950 N.W.2d 640, 646 (2020).

[23] See, e.g., *Thrift Mart v. State Farm Fire & Cas. Co.*, 251 Neb. 448, 558 N.W.2d 531 (1997), *overruled on other grounds, Hornig v. Martel Lift Systems*, 258 Neb. 764, 606 N.W.2d 764 (2000) (missed deadline to appeal); *Lewis v. Craig*, 236 Neb. 602, 463 N.W.2d 318 (1990) (appeal prematurely filed).

[24] See *Bargmann v. State*, 257 Neb. 766, 773, 600 N.W.2d 797, 804 (1999) (noting what is now codified as § 25-1315 was enacted to "simplif[y]" appellate jurisdiction and "clear[] up many of the questions regarding final orders when there are multiple parties and claims").

[25] See § 25-705(6) and (7) (Cum. Supp. 1998).

between the undesirability of piecemeal appeals and the potential need for making review available at a time that best serves the needs of the parties.[26]

[8,9] By its terms, § 25-1315(1) is implicated only when a case presents more than one claim for relief or involves multiple parties, and the court enters an order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.[27] For purposes of determining whether a case presents more than one "claim for relief" under § 25-1315(1), we have said the term is not synonymous with "issue" or "theory of recovery," but is instead the equivalent of a "cause of action."[28] Because of this construction, our cases sometimes use the phrases "claim for relief" and "cause of action" interchangeably when analyzing whether § 25-1315 is implicated.[29]

[10,11] When § 25-1315 is implicated, we have explained the consequences this way:

> [When a case involves] multiple claims for relief or multiple parties, and the court has [entered an order adjudicating] fewer than all the claims or the rights and liabilities of fewer than all the parties, then, absent a specific statute governing the appeal providing otherwise, § 25-1315 controls and mandates that the order is not immediately appealable unless the lower court issues an "express direction for the entry of judgment" upon "an express determination that there is no just reason for delay."[30]

---

[26] *TDP Phase One, supra* note 22.

[27] See, *Clason, supra* note 9; *State on behalf of Marcelo K. & Rycki K. v. Ricky K.*, 300 Neb. 179, 912 N.W.2d 747 (2018); *Rafert v. Meyer*, 298 Neb. 461, 905 N.W.2d 30 (2017*); Guardian Tax Partners v. Skrupa Invest. Co*., 295 Neb. 639, 889 N.W.2d 825 (2017); *Cerny, supra* note 18.

[28] *State v. Poindexter*, 277 Neb. 936, 766 N.W.2d 391 (2009). See, also, *Poppert v. Dicke*, 275 Neb. 562, 747 N.W.2d 629 (2008).

[29] Compare, e.g., *Guardian Tax Partners, supra* note 27 (cause of action), with *Cerny, supra* note 18 (claim for relief).

[30] *TDP Phase One, supra* note 22, 307 Neb. at 800, 950 N.W.2d at 645-46.

Further, absent the entry of a final judgment under § 25-1315(1), orders adjudicating fewer than all claims against all parties are not final and are "'subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'"[31]

Here, the Court of Appeals analyzed whether the summary judgment order satisfied the final order requirement under § 25-1902, but it did not discuss whether § 25-1315(1) is also implicated in this case. As we explain, it is implicated here, and because the district court did not certify the order as a final judgment under § 25-1315(1), we lack appellate jurisdiction.

## § 25-1315 Is Implicated

Although this case does not involve more than one plaintiff or defendant, it does involve multiple claims for relief, and no party contends otherwise. Mann's complaint sought to modify child support and the parenting plan under the 2018 decree, and Harrison's answer alleged a counterclaim which sought to modify custody. In addition, Harrison filed a counterclaim for declaratory judgment, asking that portions of the 2018 decree pertaining to Maleah be declared void for lack of subject matter jurisdiction. Without addressing the propriety of Harrison's choice to attack the validity of the decree through a declaratory judgment action, this is plainly a case where the order of partial summary judgment adjudicated fewer than all of the claims for relief that were permissively joined in this modification case.

We therefore conclude that § 25-1315(1) is implicated here because the case involves multiple claims for relief, and the court entered an order adjudicating fewer than all of them.[32] And because § 25-1315(1) was implicated, the partial summary judgment order resolving the declaratory judgment action was not appealable unless the summary judgment order was properly certified under § 25-1315(1) or until all of the claims for

---

[31] *Boyd v. Cook*, 298 Neb. 819, 826, 906 N.W.2d 31, 38 (2018). See § 25-1315(1).

[32] See *Clason, supra* note 9.

relief were resolved. The Court of Appeals thus erred by not addressing § 25-1315(1) in its jurisdictional analysis.

## Both § 25-1902 and § 25-1315
### Must Be Satisfied

Mann argues that certification under § 25-1315 was unnecessary because "[a]n order for partial summary judgment in a custody modification which satisfies [§] 25-1902(1)(b) need not also satisfy [§] 25-1315."[33] His argument is contrary to settled precedent and must be soundly rejected. To explain why, we begin by reviewing the role that § 25-1902 plays in our § 25-1315 jurisprudence.

[12,13] For nearly 20 years, our cases have construed the term "final judgment" as used in § 25-1315(1) as "the functional equivalent of a 'final order' within the meaning of [§ 25-1902]."[34] In other words, we have looked to the final order statute to provide the standard for finality[35] that must be satisfied for an order to be certified as a "final judgment" under § 25-1315. To that end, our cases hold that "a 'final order' is a prerequisite to an appellate court's obtaining jurisdiction of an appeal initiated pursuant to § 25-1315(1)."[36] Thus, it is a well-settled principle in our § 25-1315 jurisprudence that to be appealable, an order must satisfy the final order requirements of § 25-1902 and, where implicated, § 25-1315(1).[37]

---

[33] Supplemental brief for appellant at 7.

[34] *Cerny, supra* note 18, 273 Neb. at 805, 733 N.W.2d at 884, citing *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003).

[35] See *Cerny, supra* note 18, 273 Neb. at 808, 733 N.W.2d at 885 (explaining that § 25-1315(1) requires finality "in the sense that [there] is an ultimate disposition of an individual claim entered in the course of a multiple claims action").

[36] *Bailey, supra* note 34, 265 Neb. at 546, 657 N.W.2d at 923. See, also, *Rafert, supra* note 27.

[37] See *Tyrrell v. Frakes*, 309 Neb. 85, 958 N.W.2d 673 (2021); *Rafert, supra* note 27; *Guardian Tax Partners, supra* note 27; *Connelly v. City of Omaha*, 278 Neb. 311, 769 N.W.2d 394 (2009); *Cerny, supra* note 18; *Malolepszy v. State*, 270 Neb. 100, 699 N.W.2d 387 (2005).

This principle was applied by the Court of Appeals in the 2004 case of *Pioneer Chem. Co. v. City of North Platte*.[38] In that case, the appellant argued that "§ 25-1315 is not applicable to special proceedings, such as condemnation actions, and that appeals in such proceedings, irrespective of whether they involve multiple claims or multiple parties, are governed only by [§ 25-1902]."[39] The Court of Appeals rejected that argument and expressly held that when an order resolves one of multiple claims in a special proceeding, it is immediately appealable only if the order satisfies the requirements of both § 25-1902 and § 25-1315. This court summarily affirmed.

More recently, this court has issued several opinions which illustrate that when § 25-1315(1) is implicated, satisfying § 25-1902 alone is not sufficient to make an order final and appealable. For instance, in *State on behalf of Marcelo K. & Rycki K. v. Ricky K.*,[40] the State filed an action to establish child support, and the father filed a counterclaim and cross-claim seeking to disestablish paternity as to one child and seeking a custody order regarding the other child. The court entered an order that disestablished paternity, and the State filed an interlocutory appeal arguing that the order affected a substantial right and was entered in a special proceeding. We held that § 25-1315(1) was implicated, because the case involved multiple parties and multiple claims for relief and the order resolved fewer than all claims against all parties. We thus concluded that absent § 25-1315(1) certification, we lacked appellate jurisdiction.

As relevant to Mann's argument, our opinion in *State on behalf of Marcelo K. & Rycki K.* expressly rejected the State's suggestion that it was unnecessary to satisfy § 25-1315(1) because the order of disestablishment was immediately appealable as a final order under § 25-1902. We reasoned:

---

[38] *Pioneer Chem. Co. v. City of North Platte*, 12 Neb. App. 720, 685 N.W.2d 505 (2004).

[39] *Id.* at 724, 685 N.W.2d at 508.

[40] *State on behalf of Marcelo K. & Rycki K., supra* note 27.

[T]he State does not explain how this would avoid the effect of § 25-1315. That section states, "In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties . . . ." Even if disestablishment was fully adjudicated by [the order being appealed], it was asserted with other claims in the overall proceeding. Because the [order being appealed] did not adjudicate those other claims, it did not "terminate the action as to any of the claims or parties," including the disestablishment claim.[41]

We reached a similar conclusion in *TDP Phase One v. The Club at the Yard*.[42] There, we found that § 25-1315(1) was implicated when a forcible entry and detainer proceeding[43] was joined with actions for breach of contract and breach of guaranty, as well as counterclaims alleging fraud and tortious interference. When one of the parties attempted to appeal from an order of partial summary judgment granting restitution of the premises, we determined the order was not immediately appealable absent proper certification under § 25-1315(1). And because the order of partial summary judgment had not been properly certified pursuant to § 25-1315(1), we found it unnecessary to analyze whether the order qualified as a final order under § 25-1902.

We applied similar reasoning in *Clason v. LOL Investments*.[44] That case involved competing actions to quiet title, joined with counterclaims for ejectment and unjust enrichment. When one party appealed from an order of partial summary judgment that

---

[41] *Id.* at 184, 912 N.W.2d at 750.

[42] *TDP Phase One, supra* note 22.

[43] See *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003) (describing forcible entry and detainer as special proceeding).

[44] *Clason, supra* note 9.

resolved only the quiet title claims, we held that § 25-1315(1) was implicated because the case involved multiple claims for relief and the order of summary judgment adjudicated fewer than all such claims. We rejected the appellant's suggestion that satisfying § 25-1902(1)(b) made the order immediately appealable, reasoning:

> [I]n this case, we need not consider [the appellant's] argument that the [summary judgment] order is a final order under § 25-1902. Even assuming that it is a final order for the reason urged by [the appellant], § 25-1315 does not permit appeal until either the remaining claims are resolved or the court enters judgment under § 25-1315, accompanied by an express determination that there is no just reason for delay of an appeal.[45]

Finally, in *Tyrrell v. Frakes*,[46] we held that satisfying § 25-1902 alone was insufficient to make the order final and appealable in a case where § 25-1315(1) was implicated. In *Tyrrell*, the appellant permissively joined an application for a writ of habeas corpus, which we have described as a special proceeding,[47] with a petition in error.[48] The district court quashed the habeas claim, and no appeal was taken from that order. Several months later, the court dismissed the petition in error, and the appellant filed a notice of appeal challenging the denial of habeas relief within 30 days of that dismissal. The State argued the appeal was untimely because it was filed

---

[45] *Id.* at 910, 957 N.W.2d at 881.

[46] *Tyrrell, supra* note 37.

[47] See, *Flora v. Escudero*, 247 Neb. 260, 266, 526 N.W.2d 643, 647 (1995); ("[h]abeas corpus is a special proceeding, civil in character, which provides a summary remedy open to persons illegally detained"); *In re Application of Tail, Tail v. Olson*, 144 Neb. 820, 827, 14 N.W.2d 840, 843-44 (1944) ("we decide that the denial of relator's application for a writ of habeas corpus and the refusal to allow the writ by the district court was a final order affecting a substantial right made in a special proceeding").

[48] See Neb. Rev. Stat. § 25-1901 (Reissue 2016).

more than 30 days after the order quashing the habeas claim. We disagreed.

Our opinion in *Tyrrell* acknowledged that an order denying habeas relief generally qualifies as a final order entered in a special proceeding. But we explained that because the habeas proceeding and the petition in error had been joined in a single case, § 25-1315(1) was also implicated. And because no proper certification had been issued under § 25-1315(1), we concluded the order disposing of the habeas claim did not become final and appealable until disposition of the petition in error.

[14] Our decisions in *Tyrrell*, *Clason*, *TDP Phase One*, and *State on behalf of Marcelo K. & Rycki K.* are controlling and demonstrate that in cases where § 25-1315(1) is implicated, and no more specific statute governs the appeal,[49] an order resolving fewer than all claims against all parties is not final and appealable if it lacks proper § 25-1315 certification. This is so even if the order otherwise satisfies one of the final order categories in § 25-1902(1). Thus, Mann is simply incorrect when he argues that § 25-1315(1) need not be satisfied so long as the order he seeks to appeal satisfies the final order requirements under § 25-1902.

## § 25-1315 Can Be Implicated
### in Special Proceedings

Finally, to the extent Mann can be understood to argue that § 25-1315(1) cannot be implicated in special proceedings,

---

[49] See *R & D Properties v. Altech Constr. Co.*, 279 Neb. 74, 78, 776 N.W.2d 493, 496 (2009) (explaining "[t]o the extent there is a conflict between two statutes on the same subject, the specific statute controls over the general statute," and finding Neb. Rev. Stat. § 25-1315.03 (Reissue 2016), rather than § 25-1315(1), controlled the appeal because it was more specific). See, also, *TDP Phase One, supra* note 22, 307 Neb. at 802, 950 N.W.2d at 646-47 (acknowledging "[t]o the extent there is a conflict between two statutes on the same subject, the specific statute controls over the general," but finding no applicable statute that conflicted with § 25-1315).

we are unpersuaded. The above-cited cases demonstrate that § 25-1315(1) can be implicated in civil actions, in special proceedings, and in civil actions joined with special proceedings. And while we acknowledge that § 25-1315(1), by its terms, applies when "more than one claim for relief is presented in an *action*,"[50] our § 25-1315 cases have not construed the term "action" as a term of art[51] that equates only to civil actions and excludes special proceedings.

We generally construe the term "action" to mean "civil action."[52] And we generally consider civil actions and special proceedings to be mutually exclusive.[53] But when the context supports it, we have also said "[t]he term 'action' is a comprehensive one, and is applicable to almost any proceeding in a court of justice by which an individual pursues that remedy which the law affords."[54] Our cases construing § 25-1315 illustrate that the term "action" is used in the comprehensive sense, to broadly reference civil cases that present multiple claims for relief or involve multiple parties.

Asking whether the order at issue was entered in an action or a special proceeding does little to inform the threshold inquiry of whether § 25-1315 is implicated. As already explained, the relevant inquiry for determining whether § 25-1315(1) is

---

[50] § 25-1315(1) (emphasis supplied).

[51] *State ex rel. Peterson v. Creative Comm. Promotions*, 302 Neb. 606, 614, 924 N.W.2d 664, 670 (2019) (explaining legal term of art "is a word or phrase having a specific, precise meaning in a given specialty apart from its general meaning in ordinary contexts").

[52] *In re Interest of R.G.*, 238 Neb. 405, 413, 470 N.W.2d 780, 787 (1991), *disapproved on other grounds, O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998).

[53] See *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 597, 788 N.W.2d 538, 546 (2010) ("regardless of a statutory remedy's location within Nebraska's statutes, actions and special proceedings are mutually exclusive").

[54] *Champion v. Hall County*, 309 Neb. 55, 76, 958 N.W.2d 396, 411 (2021) (emphasis omitted).

implicated turns on whether the case presents multiple claims for relief or involves multiple parties, as well as whether the "order or other form of decision, however designated . . . adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." This inquiry is the same whether the order at issue was entered in a civil action, a special proceeding, or a case permissively joining the two.

We cannot ignore the reality that under Nebraska's liberal joinder statutes,[55] civil actions and special proceedings can be permissively joined in the same civil lawsuit. Here, for instance, the parties have permissively joined what is commonly characterized as a civil action[56] with what is commonly characterized as a special proceeding.[57] As this case illustrates, civil cases involving multiple claims for relief are not always amenable to binary classification as either an action or a special proceeding.

[15] We now expressly hold what our prior cases have implied: Section 25-1315(1) can be implicated in civil actions, in special proceedings, and in civil actions joined with special proceedings. Although we remind litigants and judges that not every order entered in a special proceeding will necessarily implicate § 25-1315(1),[58] we reject Mann's suggestion that special proceedings are categorically exempted from the reach of § 25-1315.

---

[55] See §§ 25-701 and 25-705 (Reissue 2016).

[56] See, e.g., *Allied Mut. Ins. Co. v. City of Lincoln*, 269 Neb. 631, 694 N.W.2d 832 (2005) (describing declaratory judgments as actions to which § 25-1315 would apply). But see *Graham v. Beauchamp*, 154 Neb. 889, 894, 50 N.W.2d 104, 107 (1951) ("[i]n an action for declaratory judgment the matter of entering a declaratory judgment has been held to be one of practice and procedure rather than one of jurisdiction. An action for such a judgment or relief is a special proceeding . . .").

[57] See cases cited *supra* note 5.

[58] See *State on behalf of Marcelo K. & Rycki K., supra* note 27, citing *Streck, Inc. v. Ryan Family*, 297 Neb. 773, 901 N.W.2d 284 (2017); *State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004); *Guardian Tax Partners, supra* note 27.

## CONCLUSION

We need not determine whether the order of partial summary judgment is a final order under § 25-1902, because even if it is, we conclude § 25-1315(1) is implicated because the case involves multiple claims for relief and the summary judgment order resolved fewer than all such claims. There has been no proper certification under § 25-1315, and we therefore lack appellate jurisdiction over this appeal, as did the Court of Appeals. We vacate the Court of Appeals' decision and remand the cause with directions to dismiss the appeal for lack of jurisdiction.

Vacated and remanded with directions.