Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/19/2025 08:07 AM CST

- 574 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
CONTINENTAL INDEM. CO. v. STARR INDEM. & LIAB. CO.
Cite as 320 Neb. 574

Continental Indemnity Company, a New Mexico
corporation, appellant, v. Starr Indemnity &
Liability Co., a New York insurance
corporation, appellee.

___ N.W.3d ___

Filed December 19, 2025.    No. S-25-087.

1. **Jurisdiction: Appeal and Error.** The question of appellate jurisdiction is a question of law.
2. **Jurisdiction: Judgments: Final Orders: Appeal and Error.** To determine whether it has jurisdiction, an appellate court looks to Neb. Rev. Stat. §§ 25-1911 (Reissue 2016) and 25-1912 (Cum. Supp. 2024). Together, these statutes generally prescribe that for an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a judgment or decree rendered or from a final order.
3. **Judgments: Final Orders: Words and Phrases.** A "judgment rendered," as required by Neb. Rev. Stat § 25-1911 (Reissue 2016), is a final determination of the rights of the parties in an action, which is set forth by the court in a single, signed written document stating all of the relief granted or denied in an action.
4. **Final Orders: Appeal and Error.** In cases that present multiple claims for relief or involve multiple parties, Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) permits a trial court to certify an otherwise interlocutory order as a final, appealable judgment under the limited circumstances set forth in the statute.
5. **Claims: Parties: Judgments.** Absent the entry of a final judgment under Neb. Rev. Stat. § 25-1315(1) (Reissue 2016), orders adjudicating fewer than all claims against all parties are not final and are subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
6. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.

- 575 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
CONTINENTAL INDEM. CO. v. STARR INDEM. & LIAB. CO.
Cite as 320 Neb. 574

Petition for further review from the Court of Appeals, Riedmann, Chief Judge, and Moore and Freeman, Judges, on appeal thereto from the District Court for Douglas County, Duane C. Dougherty, Judge. Judgment of Court of Appeals affirmed.

Jeffrey A. Silver for appellant.

Dwyer Arce, Amy L. Van Horne, and Michael T. McDonnell, pro hac vice, of Kutak Rock, L.L.P., for appellee.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Cassel, J.

## INTRODUCTION

Continental Indemnity Company (Continental) filed a complaint suing two defendants. Via separate orders, the district court dismissed each defendant. Continental appealed following the entry of each order, but the Nebraska Court of Appeals summarily dismissed each appeal. Because the district court has not yet rendered a judgment[1] nor certified a final judgment,[2] we affirm the dismissal for lack of jurisdiction.

## BACKGROUND

### Complaint, Motions, and September 2024 Orders

Continental sued AXIS Surplus Insurance Co. (AXIS) and Starr Indemnity & Liability Co. (Starr). The complaint set forth causes of action for contribution and indemnity.

The record contains respective motions filed by Starr and by AXIS. Starr moved to dismiss for lack of personal jurisdiction under Neb. Ct. R. Pldg. § 6-1112(b)(2) (codified 2008). Our appellate record does not contain a default judgment, but AXIS

---

[1] See Neb. Rev. Stat. § 25-1301(2) (Cum. Supp. 2024).

[2] See Neb. Rev. Stat. § 25-1315(1) (Reissue 2016).

- 576 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
CONTINENTAL INDEM. CO. v. STARR INDEM. & LIAB. CO.
Cite as 320 Neb. 574

filed a "Special Appearance & Motion to Set Aside Default Judgment." AXIS alleged that it had meritorious defenses to the judgment and sought leave to file a motion to dismiss.

On September 4, 2024, the court entered separate orders with respect to each motion. One order sustained Starr's motion to dismiss the complaint with prejudice. The other order set aside the default judgment against AXIS and gave AXIS time to file a responsive pleading.

## First Appeal

Within 30 days, Continental gave notice of its intent to appeal the September 4, 2024, order dismissing Starr. Upon Starr's motion for summary dismissal, the Court of Appeals dismissed the appeal for lack of jurisdiction.[3] Continental did not file a petition for further review.

## Dismissal of AXIS

Upon issuance of the Court of Appeals' mandate, the matter returned to the district court. Continental moved to dismiss its complaint against AXIS without prejudice, with each party to pay its own costs. The court sustained the motion. Its order of dismissal did not mention any other relief granted or denied— in other words, it said nothing about Starr's dismissal.

## Second Appeal

Within 30 days, Continental filed an appeal to again challenge the September 4, 2024, order dismissing the complaint against Starr. This is the appeal before us now.

Starr moved for summary dismissal. The Court of Appeals overruled the motion and directed the parties to address jurisdiction in their briefing.

One week after the release of our decision in *Elbert v. Keating, O'Gara*,[4] Starr filed a renewed motion for summary dismissal. The Court of Appeals sustained the motion and

---

[3] See Neb. Ct. R. App. P. § 2-107(B)(1) (rev. 2022).

[4] *Elbert v. Keating, O'Gara*, 319 Neb. 390, 22 N.W.3d 671 (2025).

- 577 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
CONTINENTAL INDEM. CO. v. STARR INDEM. & LIAB. CO.
Cite as 320 Neb. 574

dismissed the appeal. Its minute entry cited *Elbert*, along with this parenthetical: "single, signed written document stating all of relief granted or denied in action is required for judgment; appellate jurisdiction cannot be created through voluntary dismissal of claim without prejudice."

Continental filed a petition for further review, which we granted.[5]

## ASSIGNMENT OF ERROR

Continental assigns that the Court of Appeals erroneously relied on *Elbert*.

## STANDARD OF REVIEW

[1] The question of appellate jurisdiction is a question of law.[6]

## ANALYSIS

We start by recalling statutes critical to our decision. Next, we discuss our jurisdictional analysis in *Elbert*. Then, we set forth the parties' arguments involving *Elbert*. Finally, we resolve the issue by reaffirming our discussion in *Elbert* concerning rendition of judgment.

### STATUTES

[2] To determine whether it has jurisdiction, an appellate court looks to Neb. Rev. Stat. §§ 25-1911 (Reissue 2016) and 25-1912 (Cum. Supp. 2024). Together, these statutes generally prescribe that for an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a judgment or decree rendered or from a final order.[7]

[3] "A judgment is the final determination of the rights of the parties in an action."[8] Section 25-1301(2) defines

---

[5] See Neb. Rev. Stat. § 24-1107 (Reissue 2016).

[6] *Elbert v. Keating, O'Gara, supra* note 4.

[7] *Id*.

[8] § 25-1301(1).

- 578 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
CONTINENTAL INDEM. CO. v. STARR INDEM. & LIAB. CO.
Cite as 320 Neb. 574

"[r]endition of a judgment" as "the act of the court, or a judge thereof, in signing a single written document stating all of the relief granted or denied in an action." Thus, a "judgment rendered," as required by § 25-1911, is a final determination of the rights of the parties in an action, which is set forth by the court in a single, signed written document stating all of the relief granted or denied in an action.[9]

[4,5] In cases that present multiple claims for relief or involve multiple parties, § 25-1315(1) permits a trial court to certify an otherwise interlocutory order as a final, appealable judgment under the limited circumstances set forth in the statute.[10] Absent the entry of a final judgment under § 25-1315(1), orders adjudicating fewer than all claims against all parties are not final and are subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.[11]

## *Elbert* Decision

Because the arguments focus on our decision in *Elbert*, we discuss it in some detail. Mark D. Elbert filed two defamation actions against a law firm and one of its attorneys. The appeal concerned only the second action, but because it shared much of the same factual and procedural background as the first action, our opinion summarized both actions.

Elbert filed the second action while the first action was still pending. The attorney was dismissed by operation of law after not being served, so the action proceeded against the law firm. The firm filed a counterclaim that requested compensatory damages, costs, and fees. After the first action was resolved, the firm moved for judgment on the pleadings. The court sustained the motion but gave Elbert leave to file an amended complaint. After Elbert did so, the firm moved to dismiss the

---

[9] *Elbert v. Keating, O'Gara, supra* note 4.

[10] *Mann v. Mann*, 312 Neb. 275, 978 N.W.2d 606 (2022).

[11] *Id.*

- 579 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
CONTINENTAL INDEM. CO. v. STARR INDEM. & LIAB. CO.
Cite as 320 Neb. 574

complaint for failure to state a claim. The court sustained the motion. Its order did not address the counterclaim or request for attorney fees.

Elbert appealed. The Court of Appeals summarily dismissed the appeal for lack of jurisdiction.

When the case returned to the district court, the law firm filed a motion to voluntarily dismiss its counterclaim without prejudice. The court sustained the motion. Its order did not mention any other relief granted or denied in the action.

Elbert filed another notice of appeal. After moving the appeal to our docket, we dismissed it for lack of jurisdiction. Our opinion demonstrated that there were two independent grounds upon which to dismiss the appeal.

First, we explained that no judgment had been rendered. We recalled that the function of § 25-1301(2) was "to add clarity so that the parties know whether and when the court has rendered a judgment from which they must timely file a notice of appeal to protect their right to appellate review."[12] But because the district court had entered one order dismissing the operative complaint and another order dismissing the pending counterclaim, the court had "not yet signed a 'single written document' as now specified in § 25-1301(2) constituting the final determination of the rights of the parties and stating all the relief granted or denied in the action."[13] We concluded that "[b]ecause no judgment has yet been rendered in this action, we lack appellate jurisdiction."[14]

Although that determination could have been the end of our jurisdictional analysis, we addressed an argument made by both parties. They contended that when the district court dismissed without prejudice the law firm's unresolved counterclaim, there was no contested issue left for the district court

---

[12] *Elbert v. Keating, O'Gara, supra* note 4, 319 Neb. at 398, 22 N.W.3d at 677.

[13] *Id.* at 398-99, 22 N.W.3d at 678.

[14] *Id.* at 399, 22 N.W.3d at 678.

- 580 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
CONTINENTAL INDEM. CO. v. STARR INDEM. & LIAB. CO.
Cite as 320 Neb. 574

to resolve; therefore, they asserted that Elbert could appeal from the prior order dismissing his complaint.

Our rejection of that argument formed the second basis for dismissing the appeal. We explained that appellate jurisdiction cannot be created by voluntarily dismissing, without prejudice, unadjudicated claims. And we clarified that it did not matter which party filed the motion to dismiss. We declared, "We continue to adhere to this bright line rule [that where] the court has neither rendered a judgment, certified a final judgment under § 25-1315, nor entered a final order, [that] appellate jurisdiction cannot be created merely by voluntarily dismissing . . . without prejudice"[15] "claims on which the court has not yet ruled."[16]

### Parties' Arguments

Continental asserts that this appeal "is easily distinguished from *Elbert*."[17] According to Continental, in *Elbert*, neither the order dismissing the complaint nor the order dismissing the defendant's counterclaim rendered a judgment. In contrast, Continental claims that the district court rendered two judgments. According to Continental, "The order dismissing Starr was a judgment because there was no other claim and the order dismissing [Continental's] claim against AXIS . . . was a judgment because no other claim remained."[18] Continental further asserts that we have jurisdiction as a result of the dismissal of Starr with prejudice and the dismissal of AXIS without prejudice, because the concern of piecemeal litigation "just does not exist in this case."[19] At oral argument, Continental represented that it sought dismissal without prejudice in order to pursue litigation in another state.

---

[15] *Id*. at 400, 22 N.W.3d at 678-79.

[16] *Id.* at 400, 22 N.W.3d at 678.

[17] Brief for appellant in support of petition for further review at 2.

[18] *Id.* at 3.

[19] *Id.* at 4.

- 581 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
CONTINENTAL INDEM. CO. v. STARR INDEM. & LIAB. CO.
Cite as 320 Neb. 574

Starr, on the other hand, contends that "longstanding precedent dictates that appellate jurisdiction is lacking here on two independent grounds," as *Elbert* reaffirmed.[20] According to Starr, because "[n]either order [appealed from] 'stat[ed] all of the relief granted or denied in an action[,]' . . . like in *Elbert*, 'no judgment has yet been rendered in this action.'"[21] Further, Starr submits that voluntary dismissal without prejudice cannot create jurisdiction.

## Resolution

Continental attempts to distinguish *Elbert* on several fronts, but its efforts are unavailing. First, the fact that the background section of *Elbert* discussed two separate lawsuits and that there is but a single lawsuit here is of no moment. The jurisdictional analysis in *Elbert* was premised upon the orders and appeals in the second lawsuit only. Second, for purposes of our appellate jurisdiction inquiry, it is not important that the basis for sustaining a motion to dismiss was for failure to state a claim in *Elbert*, while here it was for lack of personal jurisdiction. Third, Continental points out that this case did not involve multiple claims as in *Elbert*. But at oral argument, Continental admitted that multiple parties were present here. That is a distinction without a difference. Section 25-1315(1) is implicated in either scenario if the court enters an order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.[22]

The similarities between *Elbert* and this case are more compelling than the differences. In both cases, the first order adjudicated fewer than all claims against all parties. In both, no party requested that the court certify a final judgment pursuant to § 25-1315(1). In both, a second order dismissed the remaining claim or party. Here, as in *Elbert*, the district court

---

[20] Supplemental brief for appellee at 5.

[21] *Id.* at 7, quoting *Elbert v. Keating, O'Gara, supra* note 4.

[22] See *Mann v. Mann, supra* note 10.

- 582 -

Nebraska Supreme Court Advance Sheets
320 Nebraska Reports
CONTINENTAL INDEM. CO. v. STARR INDEM. & LIAB. CO.
Cite as 320 Neb. 574

had yet to sign a single written document stating all of the relief granted or denied in an action. In both cases, no judgment has been rendered. The same result follows: We lack appellate jurisdiction.

At oral argument, Continental acknowledged that the order dismissing Starr was interlocutory when entered. And Continental did not dispute that the order granting its motion to voluntarily dismiss AXIS made no mention of the Starr dismissal. Continental then asserted that § 25-1315's language contemplated a sort of "springing" final order. We find no such language there. Moreover, that assertion conflicts with our understanding of the legislative intent explained in *Elbert*.

[6] We need not determine whether we also lack jurisdiction because Continental's dismissal of AXIS was voluntary and without prejudice. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.[23]

## CONCLUSION

We conclude the following:

• Although the district court entered one order dismissing Starr for lack of personal jurisdiction and entered another order sustaining a motion to dismiss AXIS without prejudice, the district court has neither certified a final judgment under § 25-1315(1) nor signed a single written document stating all of the relief granted or denied in the action.

• Because the district court has not certified a final judgment nor rendered a judgment, there is no appellate jurisdiction.

• In the absence of a final judgment or final order, jurisdiction to complete the proceeding by appropriate action remains vested in the district court.

We therefore affirm the Court of Appeals' summary dismissal of the appeal.

Affirmed.

_____

[23] *U.S. Specialty Ins. Co. v. D S Avionics, ante* p. 287, 26 N.W.3d 761 (2025).