IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

BRUCE V. AHRENDT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LEE A. BRUCE, APPELLANT,

V.

LUCAS E. AHRENDT, APPELLEE.

Filed April 14, 2026.    No. A-25-416.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

Robert M. Brenner and Paul Payne, of Robert M. Brenner Law Office, for appellant.

Steven W. Olsen, of Simmons Olsen Law Firm, P.C., L.L.O., for appellee.

MOORE, PIRTLE, and FREEMAN, Judges.

MOORE, Judge.

INTRODUCTION

Lee A. Bruce appeals from the order of the district court for Scotts Bluff County, which granted summary judgment in favor of Lucas E. Ahrendt and dismissed Bruce's complaint against Ahrendt. For the reasons set forth herein, we affirm.

STATEMENT OF FACTS

*Accident.*

This case arises from an accident that occurred on July 31, 2019, in Scotts Bluff County, Nebraska, when a vehicle driven by Ahrendt, a nonresident passing through Nebraska on his way from South Dakota to Colorado, struck a vehicle driven by Bruce.

- 1 -

*Previous Complaints and Dismissals.*

Before Bruce filed the complaint at issue in the present appeal, he filed two previous complaints in connection with the July 2019 accident, naming Ahrendt as defendant and seeking recovery for damages allegedly caused by Ahrendt's negligence. Bruce filed the first complaint in the district court in May 2021. The first complaint was dismissed in December 2021 for lack of service. Bruce filed a second negligence complaint against Ahrendt in July 2022. The second complaint was dismissed for lack of service in August 2024.

*Current Complaint.*

Bruce filed the current negligence complaint against Ahrendt in the district court on June 14, 2024. Among other details about the parties and the July 2019 accident, Bruce alleged that Ahrendt was a resident of Sioux Falls at the time of the accident, that he moved to Colorado immediately after the accident, that he then moved back to South Dakota, and that he had absconded or concealed himself outside of Nebraska from April 2021 to the date of the complaint, bringing the action within the statute of limitations (SOL) tolling provision of Neb. Rev. Stat. § 25-214 (Reissue 2016). Bruce alleged that Ahrendt's negligence caused the July 2019 accident, and he sought recovery for personal injuries, property damages, and other damages. The current complaint was served on Ahrendt on June 24, 2024, by personal service at a jail in Elk River, Minnesota, where Ahrendt was incarcerated.

*Summary Judgment Proceedings.*

On July 24, 2024, Ahrendt filed a motion to dismiss, alleging a lack of personal jurisdiction, since Ahrendt was not a resident of Nebraska at the time of the accident; a lack of subject matter jurisdiction, due to the expiration of the SOL; and a failure to state a claim for relief. Ahrendt's motion was subsequently converted into a motion for summary judgment.

A summary judgment hearing was held before the district court on March 12, 2025. The court received exhibits offered by the parties (with some exhibits being formally received at a later "clarification" hearing). The exhibits included affidavits from the parties' attorneys with numerous attachments, copies of all three complaints filed by Bruce against Ahrendt, photographs and other documentation relating to the July 2019 accident, documents relating to the traffic offense proceedings against Ahrendt following the accident, affidavits from employees of Bruce's attorney, an affidavit from Ahrendt, and other documents. We summarize the evidence briefly here and discuss further details as necessary below in our analysis of Bruce's appeal.

The "Driver Exchange" form from the July 2019 accident lists a Sioux Falls, South Dakota, address for Ahrendt, includes a telephone number, shows he had a South Dakota driver's license, lists Ahrendt as the owner of the vehicle he was driving, and states that the vehicle was insured by "State Farm." This same information was reflected on the "Investigator's Motor Vehicle Accident Report." Ahrendt was cited for "FOLLOWING TOO CLOSE" and directed to appear in the Scotts Bluff County Court on August 23.

Documents from the traffic offense proceedings in the county court show that Ahrendt's initial court appearance was continued after his mother called from South Dakota on August 23, 2019, indicating that Ahrendt was in the hospital in Fort Collins, Colorado. The mother was instructed that she needed to have the hospital "fax paperwork." The county court file includes a

letter from a Fort Collins hospital dated August 23, confirming Ahrendt was admitted to the hospital on August 22 and was "currently in the ICU with an unknown date of discharge."

Ahrendt wrote a letter, addressed to "The State of Nebraska" and dated September 17, 2019, stating:

> Please consider making the traffic violation ticket that I received on July 31st during an accident a waver-able [sic] ticket so that I may pay this without traveling from Sioux Falls, SD to do so.
>
> I have spoken with my mother who has my vehicle on her insurance policy to ask our insurance handler that the other party involved is being cared for.

Ahrendt attached a letter from State Farm and included his phone number (the same number provided at the time of the accident) and his email address in the letter. The attached letter from State Farm, dated September 16 and addressed to Ahrendt's mother, indicates that State Farm was handing the bodily injury and property damage claims for Bruce. Notes in the county court file show that Ahrendt's letter was received on September 23, that he also called on that date, and that court staff "made him aware if he is wanting to waive his ticket, he will need to contact COA, & if not, he will need to file a cont[inuance]."

On September 30, 2019, the county court issued a citation in lieu of arrest, directing Ahrendt to appear on October 18. Ahrendt appeared for the October 18 hearing, pled guilty to the traffic offense, and paid a fine of $25, plus court costs of $55.

After the first civil complaint was filed in the district court in May 2021, a praecipe for summons was issued for personal service on Ahrendt at the Sioux Falls address provided at the time of the accident. The summons was returned unserved on May 18 with a comment stating, "No longer lives here, somewhere in Colorado." A praecipe for alias summons was then issued for personal service on Ahrendt at an address in Fort Collins or "at his work place" of "Self-Ink-Flicted Studios" at another Fort Collins address. Service was attempted between June 11 and 16 and was returned unsuccessfully. An employee of Bruce's attorney stated in her affidavit that on June 15:

> [W]e received an email from the process server in . . . Colorado . . . stating that . . . Ahrendt did not work at that address, but an employee was able to contact him. The process server received a call from [Ahrendt], but was not able to ascertain an address from him. A certified statement of non-service was provided by the process server."

Notes from the process server on the certified statement of non-service state:

> NO SUCH PHYSICAL ADDRESS AND IT IS NOT IN THE ASSESSOR'S PAGE. SELF INFLICTED [sic] STUDIOS IS CLOSED. FACEBOOK PAGE SAID THAT THE PHONE IS OUT OF SERVICE AND GAVE ANOTHER CELL PHONE NUMBER. . . . MOVED TO [an address] IN THE BAR DISTRICT. I SPOKE WITH A MALE AT SELF INKFLICTED STUDIOS. [Ahrendt] DOES NOT WORK THERE. HE DOES KNOW HIM AND WILL TRY TO GET IN TOUCH WITH HIM.

The process server's email to Bruce's attorney stated:

> [Ahrendt] does not work for Self Inkflicted, but one of the employees was able to contact him. The business has moved . . . and has a new location. . . . [Ahrendt] called me back and was willing to meet with me. To date, I only have a phone number and no physical address.

Bruce's attorney continued to investigate Ahrendt's whereabouts after dismissal of the first complaint. His investigation indicated that Ahrendt might be at the Sturgis Bike Rally, and he located a private investigator who could serve documents on Ahrendt. After the second complaint was filed in July 2022, a praecipe for summons was issued for personal service on Ahrendt at the Sioux Falls address or in Sturgis, South Dakota. The investigator hired by Bruce's attorney was unsuccessful in locating Ahrendt in Sturgis. The investigator "made repeated attempts to serve this process on . . . Ahrendt" in Sturgis in August 2022 but was unsuccessful. As noted above, the second complaint was dismissed in 2024 for failure to perfect service. We have reviewed, but do not detail here, the additional evidence concerning the efforts made by Bruce's attorney and his staff to locate and serve Ahrendt from August 2022 through the filing of the current complaint and the service of the current complaint on Ahrendt in June 2024 at a jail in Minnesota.

Turning to Ahrendt's evidence, in his December 2024 affidavit, he stated that he has never lived in Nebraska, and that at the time of the accident, he was driving through Nebraska on his way from South Dakota, where his mother lives, to Fort Collins, where he had lived for several years. He acknowledged that the vehicle he was driving at the time of the accident was titled in his name with the Sioux Falls address he provided at the time, which is his mother's address, and noted that she insured the vehicle. Ahrendt stated that his girlfriend picked him up following the accident, since his vehicle "was totaled and not capable of being driven," and that they returned to Fort Collins. According to Ahrendt, he continued to reside in Fort Collins after the accident and he spent short periods in Sioux Falls with his mother, and "in other places where [he] did not have a permanent address." Ahrendt stated, "These were times when I was struggling with my life and had no home." He also stated that he "got into legal trouble" in South Dakota after the accident and was arrested in December 2022 in Sioux Falls. Ahrendt stated he has been incarcerated in various facilities since 2022, including the federal prison system, "living in locations in South Dakota, Minnesota, Oklahoma, Colorado, and Illinois." At the time of his affidavit, Ahrendt had been "temporarily transferred" from Greenville, Illinois, to a jail in Fort Collins. He stated that he would complete his sentence in July 2025. According to Ahrendt, he did not know he was being sued in the current lawsuit until the complaint was served on him in Minnesota. He denied attempting to abscond or conceal himself from the current lawsuit or service of the complaint, stated that he had never moved to another location to avoid service of this lawsuit, and that once incarcerated, "[his] locations varied based on available beds in the federal prison system."

The district court entered an order on May 20, 2025, granting summary judgment in favor of Ahrendt and dismissing Bruce's complaint with prejudice. In its order, the court first noted the parties' respective arguments: Bruce argued that § 25-214 applied to toll the SOL due to Ahrendt being out of state and absconding or concealing himself; Ahrendt argued that § 25-214 did not apply to him as a nonresident of Nebraska and, alternatively, that Bruce had not met his burden to show that Ahrendt absconded or concealed himself. The court then stated:

First, assuming [§25-214] is applicable to Ahrendt as a nonresident, in order to take advantage of the tolling statute as alleged, Bruce must show that Ahrendt absconded or concealed himself, simply alleging Ahrendt was out of the state is insufficient alone to invoke the tolling statute. *Gatliff V. Little Audrey's Transportation Co, Inc.*, 317 F. Supp. 1117 (D. Neb. 1970)[.] Bruce must further show that the concealment was such that prevented service of process.

Bruce argues Ahrendt was concealing his address by providing a South Dakota address after the accident and later to the Court in his traffic violation from the accident. This occurred in 2019 shortly after the accident. The first complaint was not filed until 2021. It is difficult to argue Ahrendt was attempting to conceal his address years before Bruce attempted to serve him in this case. The Court does not find this action to be illustrative of concealment by Ahrendt.

Bruce seems to equate difficulty in locating Ahrendt with absconding or concealing himself from service of process. This Court declines to agree. Bruce has failed to produce evidence that Ahrendt was absconding from the state of Nebraska or concealing himself from service. Bruce argues that Ahrendt was absconding service when he failed to provide an address by telephone when speaking to an investigator in Colorado. This is alleged to have occurred on one occasion in June 2021. Tolling if applicable would be limited to a narrow time around June 2021 when Ahrendt failed to provide the address. Ahrendt failing to provide his address does not indefinitely toll the statute of limitations in this case. Further there [were] two (2) full years left on the statute of limitations when this event is alleged to have occurred. No further attempts to serve Ahrendt were made before the first case was dismissed.

On the second complaint filed, Bruce attempted to have Ahrendt served in Sturgis, South Dakota. There were no further attempts at service made, including no attempts at service by publication.

In the two cases filed prior to July 31, 2023, Bruce attempted service on Ahrendt a total of 3 times unsuccessfully. This simply does not meet the burden to show Ahrendt absconded or concealed himself from service. Bruce additionally stated that social media and internet searches were conducted to find Ahrendt, and these searches were unsuccessful. Occasional internet and social media searches do not show absconding or concealing, and do not toll the statute of limitations. Bruce bears the burden of showing the time period in which Ahrendt was absconding or concealing himself in this case. Bruce has not met the burden to show any applicable time periods. As such, the tolling statute as requested is not applicable. The statute of limitations ran on July 31, 2023 in this case. The matter having been filed on June 14, 2024 is filed out of time and is time barred.

Based on this analysis, the court declined to rule on Ahrendt's argument that § 25-214 is not applicable to nonresidents and could only apply to a Nebraska resident who left the state to avoid a lawsuit. Because there were no material facts in dispute, the court found that Ahrendt was entitled to judgment as a matter of law. Accordingly, the court granted Ahrendt's motion for summary judgment and dismissed Bruce's complaint with prejudice.

Bruce subsequently perfected his appeal to this court.

ASSIGNMENTS OF ERROR

Bruce assigns, reordered and consolidated, that the district court erred in (1) finding that Ahrendt had not misrepresented his place of residence, absconded, or concealed himself; (2) finding that service by publication could have been performed; and (3) granting summary judgment in favor of Ahrendt and dismissing Bruce's complaint.

STANDARD OF REVIEW

An appellate court reviews the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *D&M Roofing & Siding v. Distribution, Inc.*, 319 Neb. 707, 24 N.W.3d 850 (2025). An appellate court affirms a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Id.*

ANALYSIS

*Negligence Claim Time Barred Absent Tolling.*

The SOL for negligence is 4 years. See Neb. Rev. Stat. § 25-207(3) (Reissue 2016). In a negligence action, an SOL begins to run as soon as the cause of action accrues, and an action in tort generally accrues as soon as the act or omission occurs. See *Saylor v. State*, 315 Neb. 285, 995 N.W.2d 192 (2023).

The accident in this case occurred on July 31, 2019. There is no dispute that Bruce's negligence claim against Ahrendt accrued at that time, and the SOL began to run. Bruce filed the current complaint against Ahrendt on June 14, 2024, more than 4 years after the accident, making it time barred unless an exception applies to toll the running of the SOL. In the complaint, Bruce alleged that § 25-214 applied to toll the SOL because of Ahrendt's actions in absconding or concealing himself outside of Nebraska from April 2021 to the date of the complaint.

Section 25-214 provides:

If a cause of action accrues against a person while he or she is out of the state or has absconded or concealed himself or herself, the period limited for the commencement of the action shall not begin to run (1) until he or she comes into the state or (2) while he or she is absconded or concealed. If the person departs from the state or absconds or conceals himself or herself after the cause of action accrues, the time of his or her absence or concealment shall not be computed as any part of the period within which the action must be brought.

In a legal sense, a party absconds when he hides, conceals, or absents himself clandestinely, with the intent to avoid legal process. *Smith v. Johnson*, 43 Neb. 754, 62 N.W. 217 (1895).

In granting summary judgment in favor of Ahrendt, the district court found that Bruce had not met his burden to show any applicable periods in which Ahrendt was absconding or concealing himself in this case. Accordingly, the court found that the SOL ran on July 31, 2023, and that the complaint filed on June 14, 2024, was time barred. Because there were no material issues of fact

in dispute, the court granted Ahrendt's motion for summary judgment and dismissed Bruce's complaint. On appeal, Bruce assigns error to certain findings by the district court and entry of summary judgment against him.

*Misrepresent, Abscond, or Conceal.*

Bruce assigns that the district court erred in finding that Ahrendt had not misrepresented his place of residence, absconded, or concealed himself, and he argues that the court should have applied § 25-214 to toll the SOL.

This court considered the application of § 25-214 in *Farmers Mut. Ins. Co. v. Cox*, No. A-14-172, 2015 WL 333147 (Neb. App. Jan. 27, 2015) (selected for posting to court website) (*Farmers Mutual)*. In that case, the defendant's residence in Nebraska was destroyed by a fire in April 2003. Law enforcement initially informed the defendant's insurance company that the defendant was not a suspect in causing the fire, and the company paid his claim for loss. In June 2007, law enforcement informed the insurance company that the defendant was responsible for causing the fire. The defendant pled guilty to criminal charges in March 2008, but he failed to appear for sentencing in November 2009 and an arrest warrant was issued. After the defendant absconded, he resided in California under a different name for a couple of years before being arrested on other charges in July 2012 and being extradited to Nebraska. The insurance company filed a civil action against the defendant in January 2012 and argued that the applicable SOL was tolled during the time the defendant absconded from Nebraska. The parties filed motions for summary judgment. The trial court found that the applicable 4-year SOL was tolled under § 25-214 during the time the defendant absconded, found no genuine issues of material fact with respect to the insurance company's claims, and granted summary judgment in its favor. The defendant appealed.

On appeal, this court applied § 25-214 and found that the defendant absconded after the insurance company's claims accrued (in June 2007 when it learned defendant was responsible for the fire) and that his time of concealment (from November 2009, when he failed to appear for sentencing, until July 2012, when he was extradited to Nebraska) was properly excluded from the limitations period. See *Farmers Mut. Ins. Co. v. Cox, supra*.

This court also considered the defendant's argument that Nebraska's long-arm statutes, Neb. Rev. Stat. §§ 25-535 through 25-541 (Reissue 2016), modified and rendered § 25-214 inapplicable. The defendant relied on *Dalition v. Langemeier*, 246 Neb. 993, 524 N.W.2d 336 (1994), wherein the Nebraska Supreme Court held that the tolling statute, § 25–214, does not suspend the statute of limitations when one is absent from the state but nonetheless remains amenable to the service of personal process. In addressing the defendant's argument in *Farmers Mutual*, this court agreed that Nebraska courts were authorized to exercise personal jurisdiction over the defendant because he caused tortious injury in Nebraska; however, the defendant was not amenable to personal service outside of Nebraska because he was living under an assumed name and his whereabouts were unknown, making it impossible for the insurance company to obtain personal service upon him. Accordingly, we concluded that the trial court properly applied § 25-214 to toll the SOL during the period the defendant absconded from Nebraska and was unavailable for service.

Finally, this court considered the defendant's argument that the insurance company was not prevented from bringing its claims against him because he was amenable to substitute or constructive service, specifically, service by publication. This court declined to extend the Nebraska Supreme Court's holding in *Dalition v. Langemeier, supra* to constructive service, which we found would invalidate § 25-214, and we again concluded that the trial court properly applied the tolling provision of § 25-214. See *Farmers Mut. Ins. Co. v. Cox, supra*.

The present case is distinguishable from *Farmers Mutual*. The defendant in that case was a Nebraska resident who absconded to California after the insurance company's claim against him accrued. He lived in California for several years under an assumed name, which made it impossible for the insurance company to find him until after he was arrested in California and extradited to Nebraska. In the present case, the evidence is undisputed that Ahrendt was not a Nebraska resident at the time of the July 2019 accident; he was merely passing through Nebraska on his way from South Dakota to Colorado when the accident occurred. Bruce claimed the SOL was tolled by § 25-214, and Ahrendt argued that § 25-214 was not applicable to him as a nonresident. Given its conclusion that Bruce did not meet his burden of showing that Ahrendt absconded or concealed himself as required by § 25-214, the only claimed basis for tolling, the district court declined to consider whether § 25-214 could be applied against a nonresident. As discussed further below, the district court did not err in finding that Bruce failed to meet his meet his burden of showing that Ahrendt absconded or concealed himself. Accordingly, a consideration of whether § 25-214 could be applied against a nonresident to toll an SOL is not necessary to our resolution of this appeal, and we do not consider that issue further. See *Continental Indem. Co. v. Starr Indem. & Liab. Co.*, 320 Neb. 574, 28 N.W.3d 843 (2025) (appellate court is not obligated to engage in analysis that is not needed to adjudicate controversy before it).

In arguing that Ahrendt absconded or concealed himself and that these actions prevented service of process, Bruce relies heavily on the fact that Ahrendt provided a South Dakota address at the time of the accident and in communications with the county court during the traffic offense proceedings. The district court noted that these events occurred in 2019 and that Bruce did not file the first civil complaint until 2021. The court did not find Ahrendt's actions in 2019 illustrative of concealment by Ahrendt. We agree. The evidence shows that Ahrendt had a South Dakota driver's license and the vehicle he was driving was licensed and insured in South Dakota at the address he provided. Bruce points to Ahrendt's failure to appear at the initial August 2019 hearing in the county court, but that hearing was continued due to Ahrendt's hospitalization. Both Ahrendt and his mother communicated with the county court, and Ahrendt appeared for the rescheduled hearing and paid the traffic citation. He also expressed his understanding to the county court that the party injured in the accident (Bruce) was being taken care of by his mother's insurance company. His actions are unlike those of the defendant in *Farmers Mutual,* who received an insurance payout after causing a fire to his residence, pled to criminal charges in connection with the fire but failed to appear for the criminal sentencing, moved to another state, and lived under an assumed name.

Bruce makes various presumptions throughout his brief, arguing that after service was attempted at the South Dakota address in 2021, "it is presumed that Ahrendt's mother told Ahrendt of the attempted service of civil suit which most likely added to his purposeful concealment of his physical address." Brief for appellant at 8. Bruce also discusses the attempts at service in Colorado in June 2021, and asserts that Ahrendt misrepresented his place of employment, and that after an

employee at that business told the process server he would get in touch with Ahrendt, "[i]t is presumed that the employee told Ahrendt of the attempted service." Brief for appellant at 9. The record shows that the Colorado process server, who had a phone number for Ahrendt but not an address, did speak with Ahrendt by phone and that Ahrendt was willing to meet with him. Apparently, this meeting did not occur, however, given the subsequent dismissal of the first complaint without service. The district court discussed this June 2021 incident in its order, and it found that any tolling due to the incident would have been limited to a narrow time around June 2021 when Ahrendt failed to provide an address to the process server. The court noted that there were still 2 years left on the SOL at the time of this incident, and it concluded that Ahrendt's failure to provide his address at that time would not have tolled the SOL indefinitely. We agree. Again, this is unlike the situation in *Farmers Mutual* where the defendant moved to another state and lived under an assumed name until arrested on unrelated charges and extradited to Nebraska.

In the current complaint, Bruce alleged that the SOL was tolled because Ahrendt absconded or concealed himself outside of Nebraska from April 2021 (1 month before filing of first complaint) until the date of the current complaint (filed in June 2024). Upon reviewing the evidence alleged by Bruce to support a conclusion that Ahrendt absconded or concealed himself, we agree with the district court's conclusion that Bruce has not shown an applicable period in which the SOL was tolled. The fact that Ahrendt did not have a settled residence, was occasionally homeless, engaged in activities that led to federal criminal conviction, and was generally difficult to locate does not mean that he was hiding, concealing, or absenting himself clandestinely, with the intent to avoid legal process in this case. See *Smith v. Johnson*, 43 Neb. 754, 62 N.W. 217 (1895). The court did not err in finding that Ahrendt did not misrepresent his place of residence, abscond, or conceal himself, and it did not err in failing to apply § 25-214 to toll the SOL.

*Service by Publication.*

Bruce assigns that the district court erred in finding that service by publication could have been performed. He asserts that the district court "declared that the second complaint filed by Bruce noted that no attempts at service by publication were done" and argues that that this "declaration or finding" was erroneous because "Bruce could not locate where, in what State, [Ahrendt] was located in order to publish." Brief for appellant at 18.

Neb. Rev. Stat. § 25-517.02 (Reissue 2016) allows service by publication "[u]pon motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute." And, as provided in Neb. Rev. Stat. § 25-519 (Reissue 2016), "publication shall be made once in each week for three successive weeks *in some newspaper printed in the county where the complaint is filed if there is any printed in such county and, if there is not, in some newspaper printed in this state of general circulation in that county*." (Emphasis supplied.)

We disagree with Bruce's interpretation of the district court's statement about service by publication and do not read it as a finding that service by publication could have been accomplished in this case (or either of the two previous cases). In the summary judgment order, the district court found that after Bruce attempted personal service of the second complaint on Ahrendt in Sturgis, "[t]here were no further attempts at service made [with respect to the second complaint], including no attempts at service by publication." The court was simply reciting, in its analysis of whether

Ahrendt absconded or concealed himself, what attempts Bruce made or did not make in his efforts to serve Ahrendt in this case (and the two prior cases). The issue of whether service by publication would have been proper in this case was not presented to or passed upon by the court, and resolution of that issue is not necessary to our determination of whether the district court properly granted summary judgment. We decline to address this assignment of error further. See *Continental Indem. Co. v. Starr Indem. & Liab. Co.*, 320 Neb. 574, 28 N.W.3d 843 (2025) (appellate court is not obligated to engage in analysis that is not needed to adjudicate controversy before it).

*Summary Judgment.*

Bruce assigns that the district court erred in granting summary judgment in favor of Ahrendt and dismissing Bruce's complaint.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *407 N 117 Street v. Harper*, 314 Neb. 843, 993 N.W.2d 462 (2023). The pleadings frame the issues to be considered on a motion for summary judgment. One of the primary purposes of summary judgment is to pierce the allegations in the pleadings and show conclusively that the controlling facts are other than as pled. *Id.*

The party moving for summary judgment must make a prima facie case by producing enough evidence to show the movant would be entitled to judgment if the evidence were uncontroverted at trial. *Id.* If the moving party makes a prima facie case, the burden shifts to the nonmovant to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law. *Id.*

Bruce's complaint on its face is barred by the SOL. Ahrendt produced evidence showing he had not absconded or concealed himself. The burden then shifted to Bruce, who did not produce evidence showing the existence of material issue of fact preventing judgment as a matter of law. The district court did not err in granting summary judgment in Ahrendt's favor.

CONCLUSION

The district court did not err in granting summary judgment in favor of Ahrendt and dismissing the complaint. Accordingly, we affirm.

AFFIRMED.